UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Key West Division

SOBNER FELIX,                                    CASE NO.

      Plaintiff,

v.

KEY LARGO MANAGEMENT CORP.,
a/k/a OCEAN PR, INC.,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, SOBNER FELIX ("Plaintiff") sues the Defendant, KEY LARGO MANAGEMENT

CORP., a/k/a OCEAN PR, INC, ("Defendant" or "the Hotel"), and as grounds therefor alleges:

### INTRODUCTION

1.      This is an action against the Defendant to recover damages pursuant to the Americans

with Disabilities Act of 1991, 42 U.S.C. §12182, as amended by the Americans with Disabilities

Amendments Act of 2008 ("ADA") and the Florida Civil Rights Act, Fla.Stat ch. 760, *et seq.*

("FCRA"). Plaintiff seeks declaratory, injunctive, and equitable relief, as well as compensatory and

punitive damages, costs and attorney's fees.

### JURISDICTIONAL ALLEGATIONS

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343(3),

1367(a) 42 U.S.C. §§ 1988 and 12182.

3.      Compensatory, declaratory, injunctive and equitable relief is sought pursuant to 28

U.S.C. §§2201, 2202, and 42 U.S.C. §§ 1981a, 1982 and 3601.  Costs and attorneys fees may be

awarded pursuant to 42 U.S.C. 12205 and Florida Statutes Chapter 760.

*Felix v. Key Largo Management Corp., etc.*
*Case No.*
*Page No.  2*

4.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) because all of the actions upon which this case is based were committed in the Southern District of Florida.

## COMPLIANCE WITH CONDITIONS PRECEDENT

5.      Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission, ("EEOC") which was assigned Charge Number 510-2017-04054.

6.      After completing its investigation, the Equal Employment Opportunity Commission issued its Notice of Right to Sue on January 31, 2019.  This Notice of Right to Sue is attached as Exhibit "A".

7.      Thus, all conditions precedent to the initiation of this action against the Defendant have been complied with through the administrative procedures of the EEOC.

## THE PARTIES

8.      Plaintiff is a citizen of the United States and a lawful resident of Miami-Dade County, and over the age of 18.

9.      Defendant is a business employing in excess of 15 employees with its place of business in Monroe County.

## FACTS GIVING RISE TO CAUSE OF ACTION

10.      Plaintiff was hired as a Houseman by Defendant in 2003, in which job he permed maintenance and repair job functions. Plaintiff's work performance, at all times, met or exceeded Defendant's legitimate expectations. Plaintiff's reviews of his performance were always excellent.

*Felix v. Key Largo Management Corp., etc.*
*Case No.*
*Page No. 3*

11.    On September 27, 2016, Plaintiff obtained a letter from his physician indicating that he needed an accommodation because of a medical condition, diabetic retinopathy, a disability or perceived disability within the meaning of the ADA and the FCRA.  Because of the condition, Plaintiff's eyesight is poor at nighttime, and he is unable to drive to work.

12.    Because of the disability, Plaintiff provided a doctor's note requesting that Plaintiff not work a shift that would require him to drive home after the sun had gone down.  Plaintiff drive time to and from work was substantial, because he lived in Miami-Dade County, but worked in Monroe County.

13.    Plaintiff provided the doctor's note to Ms. Elsie Rodriguez.  Plaintiff also provided a copy to Human Resources.  Ultimately, Ms. Rodriguez refused to provide Plaitniff with an accommodation and told Plaintiff that he was fired because he could not work the 2 p.m. to 10 p.m. schedule.  She would have accommodated but for the disability, Plaintiff's race and/or Plaintiff's color.

14.    As a direct and proximate result of the acts and omissions of Defendant, Plaintiff's rights under the ADA and the FCRA were violated and he suffered the following injuries:

    a.    Pain and suffering;

    b.    Medical expense in the past and in the future;

    c.    Mental anguish, including but not limited to embarrassment, humiliation, personal inconvenience and emotional distress;

    d.    Loss of capacity for the enjoyment of life;

    e.    Deprivation of life, liberty and property;

*Felix v. Key Largo Management Corp., etc.*
*Case No.*
*Page No. 4*

     f.     Legal fees and expense;

     g.     Loss of earnings in the past and future;

     h.     Loss of earning capacity;

     i.     Injury to reputation;

     j.     Loss of the rights described herein;

     k.     Back pay;

     l.     Value of or the reinstatement of all benefits that he would have enjoyed but for the actions of Defendant, but not limited to, bonuses, retirement and pension benefits, health insurance, meal benefits and vacation benefits;

     m.     Incidental expenses;

     n.     Front pay and benefits until Plaintiff attains the age of 70 and/or a reasonable time;

     o.     Punitive Damages and or liquidated damages; and

     p.     Any other relief this Court deems just and equitable.

Said damages are continuing in nature and Plaintiff will continue to suffer in the future.

     15.     Trial by jury demanded for all issues so triable if right by jury.

## COUNT I
## Violations of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*
## (Failure to provide reasonable accommodation and termination)

     16.     Plaintiff adopts and alleges the jurisdictional and general allegations of paragraphs 1 through 15.

     17.     This is an action to recover damages and injunctive relief brought pursuant to the

*Felix v. Key Largo Management Corp., etc.*
*Case No.*
*Page No. 5*

Americans with Disabilities Act, codified as 42 U.S.C. §12101 *et seq.*

18.     The actions taken by Defendant are in violation of the Americans with Disabilities Act, codified as 42 U.S.C. §12101 *et seq.*

19.     Plaintiff belongs to a protected class within the meaning of the Americans with Disabilities Act, codified as 42 U.S.C. §12101 *et seq.* because she is a qualified individual with a disability.

20.     As set forth above, Plaintiff requested a reasonable accommodation of Defendant and his request was denied and/or never provided and she was ultimately terminated for pretextual reasons.

21.     Defendant is liable because, as set forth above, Defendant was responsible for the failure to provide a reasonable accommodation, though properly requested to provide such an accommodation, and terminated Plaintiff.

22.     As a direct and proximate result of the actions or omissions, Plaintiff has sustained those damages set forth above, all of which he is entitled to recover by law.

23.     As a result of the deprivations of rights at the hands of Defendant and its agents, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. §12205 and otherwise by law

WHEREFORE, Plaintiff, SOBNER FELIX demands judgment against the Defendant, KEY LARGO MANAGEMENT CORP., a/k/a OCEAN PR, INC for damages as set forth above, plus punitive damages, injunctive relief, back pay, front pay, the costs of this action, attorney's fees and such other relief as this Court deems just and equitable and further demands trial by jury for all

*Felix v. Key Largo Management Corp., etc.*
*Case No.*
*Page No.  6*

issues so triable of right by jury.

## COUNT II
## Violation of Florida Civil Rights Act of 1992
### (Based upon disability, race and color)

24.     The allegations of Paragraphs 1 through 15 are adopted and incorporated as if they

were fully set forth herein.

25.     Plaintiff belongs to a protected class within the meaning of the Florida Civil Rights

Act because he is a qualified individual with a disability and because of his race and color (black).

26.     The conduct of the Defendant to the Plaintiff in relation to the acts described herein

for failure to accommodate and termination of his employment violates the Florida Civil Rights Act

of 1992 as established at Florida Statutes Chapter 760.

27.     Defendant's violation of the Florida Civil Rights Act of 1992 as established at Florida

Statutes Chapter 760 has resulted in damages to Plaintiff.

28.     As a result of the Defendant's violation, Plaintiff is entitled to recover compensatory

and punitive damages against the Defendant.

29.     Under the terms of the Florida Civil Rights Act of 1992 as established at Florida

Statutes Chapter 760, Plaintiff is entitled to recover from Defendant's his attorney's fees and costs

in bringing this action.

WHEREFORE, Plaintiff, SOBNER FELIX demands judgment against the Defendant, KEY

LARGO MANAGEMENT CORP., a/k/a OCEAN PR, INC  for damages as set forth above, plus

injunctive relief, back pay, front pay, the costs of this action, attorney's fees and such other relief as

this Court deems just and equitable and further demands trial by jury for all issues so triable of right

*Felix v. Key Largo Management Corp., etc.*
*Case No.*
*Page No.  7*

by jury.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts so triable.

**FEILER & LEACH, P.L.**
901 Ponce de Leon Blvd
Penthouse Suite
Coral Gables, Florida 33134
Telephone: (305) 441-8818
Facsimile: (305) 441-8081
mel@flmlegal.com

By: /s/ Martin E. Leach
        Martin E. Leach
        Florida Bar No. 0037990

7

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Sobner Felix**<br>**155 N. W. 14th Street**<br>**Apt B21**<br>**Florida City, FL 33034** | From: **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2017-04054 | Erline Jocelyn,<br>Investigator | (305) 808-1788 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Nitza Santo Wright*

**MICHAEL J. FARRELL,**
**District Director**

JAN 31 2019
*(Date Mailed)*

Enclosures(s)

cc:
**Respondent's Representative**
**KEY LARGO MANAGEMENT CORP.**
**c/o Maureen M. Deskins, Corporate Counsel**
**611 W. Platt Street**
**Tampa, FL 33606**

**Charging Party's Representative**
**Martin Leach**
**FEILER & LEACH, P.L.**
**901 Ponce De Leon Blvd. Suite 300**
**Coral Gables, FL 33134**

