UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-10067-CIV-MARTINEZ/AOR

SOBNER FELIX,

    Plaintiff,

v.

KEY LARGO MANAGEMENT CORP.,
a/k/a OCEAN PR, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Key Largo Management Corp.'s ("Defendant") Amended Motion to Tax Costs [D.E. 80]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 76]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Amended Motion to Tax Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 30, 2019, Plaintiff Sobner Felix ("Plaintiff") commenced this action against Defendant, asserting two claims: one pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*; and one pursuant to the Florida Civil Rights Act of 1992 ("FCRA"). See Compl. [D.E. 1 at 4-6]. Plaintiff claimed that he suffered from a disability and that Defendant failed to provide reasonable accommodation and wrongfully terminated his employment in violation of the ADA and the FCRA. Id.

On April 27, 2020, Defendant filed an Amended Motion for Summary Judgment [D.E. 33] as to both claims asserted by Plaintiff, which was granted on January 8, 2021 [D.E. 73]. On January

11, 2021, the Court entered Final Judgment in Defendant's favor [D.E. 74].

On January 29, 2021, Defendant filed its Amended Motion to Tax Costs as prevailing party [D.E. 80] and, in support thereof, submitted the Amended Affidavit of Maureen M. Deskins ("Deskins Affidavit") and copies of the supporting invoices [D.E. 80-1]. On February 11, 2021, Plaintiff filed his Memorandum of Law in Opposition to Defendant's Amended Motion to Tax Costs ("Response") [D.E. 84].

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

### I.   Entitlement to Costs

Having obtained a Final Judgment in its favor, Defendant is clearly the prevailing party and is entitled to recover its costs pursuant to Rule 54(d). Plaintiff argues that Defendant waived its right to recover costs because of its initial non-compliance with Local Rules 7.1 and 7.3. See Response [D.E. 84 at 1-3]. Specifically, Plaintiff contends that Defendant failed to confer with Plaintiff prior to filing its original Motion to Tax Costs [D.E. 75] as required by Local Rule 7.3, and did not certify that a conferral had taken place in its original Motion to Tax Costs as required by Local Rule 7.1. Id. Although Defendant subsequently filed its Amended Motion to Tax Costs, which includes a statement that the parties conferred as required by Local Rule 7.1 and that they agreed to the requested taxable costs, Plaintiff disputes that there was any agreement, arguing that Defendant is not entitled to anything in costs because Defendant's initial failure to comply with the Local Rules cannot be cured by conferring and then filing an amended motion. See Amended Motion to Tax Costs [D.E. 80 at 1]; see Response [D.E. 84 at 2].

However, Plaintiff had not shown that he was prejudiced by such initial non-compliance. Moreover, it is undisputed that Defendant did comply with the Local Rules prior to filing the Amended Motion to Tax Costs. Therefore, the undersigned concludes that there is no sound basis for denying a cost award in favor of Defendant as prevailing party. Berube, 486 F. App'x at 780 ("Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party.").

## II. Taxable Costs

Defendant requests an award of the following costs as prevailing party in this action:

| **Expenses and Costs** | **Amount ($)** |
|---|---|
| Fees for service of process | 114.00 |
| Fees for court reporting charges | 4,198.88 |
| **TOTAL:** | **4,312.88** |

See Deskins Affidavit [D.E. 80-1]. Plaintiff makes no specific objections to the requested costs. However, some of the expenses in the court reporting charges category are not recoverable.

Expenses related to "printed or electronically recorded transcripts necessarily obtained for use in the case" are compensable. 28 U.S.C. § 1920(2). "Hearing transcript costs are taxable when reasonably obtained in preparation for additional argument and/or motion practice." Five for Entm't, S.A. v. Ayala Rodriguez, No. 11-24142-CV, 2017 WL 511085, at *12 (S.D. Fla. Feb. 2, 2017). Additional fees that are necessary to the taking of the deposition are taxable, such are interpreter fees and court reporter attendance fees; however, fees incurred merely for the convenience of counsel are not. See Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013). "Shipping and handling costs derived from the stenographer are not taxable." Castillo v. Teledyne Cont'l Motors. Inc., No. 08-21850-CV, 2011 WL 1343051, at *2 (S.D. Fla. Mar. 16, 2011) report and recommendation adopted, 2011 WL 1337232 (S.D. Fla. Apr. 7, 2011).

Here, Defendant's deposition invoices include charges for an e-litigation package, exhibits, and shipping and handling, all of which are not taxable. Disallowance of these items results in a reduction of $74.45, for an adjusted total of $4,124.43 in this category. See Deskins Affidavit [D.E. 80-1 at 4]. Therefore, the total allowable costs are $4,238.43.

**RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion to Tax Costs be GRANTED IN PART, and that Defendant be awarded **$4,238.43** as prevailing party costs in this action.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 14th day of July, 2021.

                                                ALICIA M. OTAZO-REYES
                                                UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Jose E. Martinez
        Counsel of Record