UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:19-cv-10067-MARTINEZ/AOR

BEATRICE FELIX,
*as curator of the Estate of Sobner Felix,*

    Plaintiff,

v.

KEY LARGO MANAGEMENT CORP.,
a/k/a OCEAN PR, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Key Largo Management Corp.'s ("Defendant") Motion for Prevailing Party Costs (hereafter, "Motion for Costs") [D.E. 153] and Bill of Costs [D.E. 154]. These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 155]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Costs and Bill of Costs be GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 30, 2019, Sobner Felix ("Mr. Felix") filed this action against Defendant asserting the following claims:

> Count I – Violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (failure to provide reasonable accommodation and termination); and
>
> Count II – Violation of Florida Civil Rights Act of 1992 (based upon disability, race and color).

See Compl. [D.E. 1]. On May 29, 2019, Defendant filed its Answer and Affirmative Defenses to

the Complaint [D.E. 6]. On April 27, 2020, Defendant filed an Amended Motion for Summary Judgment [D.E. 33] as to both counts in the Complaint, which the Court granted on January 8, 2021 [D.E. 73]. On July 29, 2021, the Court granted in part Defendant's Amended Motion to Tax Costs [D.E. 80] and awarded Defendant $4,238.43 in taxable costs. See Order Adopting Report and Recommendation [D.E. 89].

On October 29, 2021, the Eleventh Circuit Court of Appeals reversed the Court's grant of summary judgment and remanded for further proceedings [D.E. 90]. On April 11, 2022, the Court granted Plaintiff's Agreed Motion to Vacate Cost Judgment in Accordance with Mandate on Appeal [D.E. 93]. See Order Vacating Cost Judgment [D.E. 104]. On May 27, 2022, counsel for Mr. Felix filed an Amended Statement Noting the Death of Mr. Felix [D.E. 108] and, on June 30, 2022, the Court granted Beatrice Felix, as curator of the Estate of Mr. Felix ("Plaintiff")'s Motion for Substitution of Parties [D.E. 109]. See Order Granting Motion to Substitute Party [D.E. 117].

Thereafter, the Court held a jury trial on Plaintiff's Corrected Amended Complaint for Damages and Injunctive Relief [D.E. 143] and Defendant's Answer and Affirmative Defenses to the Amended Complaint [D.E. 144]. See Paperless Minute Entries [D.E. 146, 148–49]. On August 10, 2022, the jury returned a verdict for Defendant, see Verdict Form [D.E. 151]; and on August 16, 2022, the Court entered Final Judgment for Defendant, see Final Judgment [D.E. 152].

On August 30, 2022, Defendant filed its Motion for Costs [D.E. 153] and Bill of Costs [D.E. 154], seeking $4,238.43 in taxable costs. In response to an Order to Show Cause [D.E. 156], Plaintiff disclosed her non-opposition to the Motion for Costs and Bill of Costs. See Response to Order to Show Cause [D.E. 157].

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a

federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). In this case, Defendant is clearly the prevailing party given that the Court issued Final Judgment entirely in its favor, pursuant to the jury's verdict. See Final Judgment [D.E. 152]. Thus, Defendant is entitled to recover its costs pursuant to Rule 54(d).

Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In its Motion for Costs and Bill of Costs, Defendant seeks to recover the following items of costs:

| Expenses and Costs | Amount ($) |
|---|---|
| Fees for service of subpoenas | 114.00 |
| Fees for printed or electronically recorded transcripts | 4,124.43 |
| **TOTAL REQUEST:** | **4,238.43** |

See Motion for Costs [D.E. 153 at 2]; Bill of Costs [D.E. 154 at 1]. As noted above, these items of costs are recoverable pursuant to Section 1920. Moreover, given Plaintiff's non-opposition, the amounts sought are deemed reasonable.

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Costs [D.E. 153] and Bill of Costs [D.E. 154] be GRANTED; and that Defendant be AWARDED costs in the requested amount of **$4,238.43** as prevailing party in this action.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 18th day of October, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
 Counsel of Record